UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KWANA SPEARS,<br><br>    Defendant. | Case No. 19-20500<br>Honorable Laurie J. Michelson |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [469]**

For the important role she played in Bennie Campbell's drug trafficking operation, Kwana Spears was sentenced to 60 months in prison. Her pre-existing health issues influenced this below-guidelines sentence. Spears was designated to a medical facility and given extensions of time to self-surrender. Unfortunately, within a few weeks of arriving at Federal Medical Center Lexington, Spears suffered a life-threatening medical emergency. She was effectively treated at the University of Kentucky hospital and eventually returned to FMC Lexington where she has continued to receive care.

Based on this episode, however, Spears believes the Bureau of Prisons is incapable of managing her medical needs. But the medical records suggest otherwise. And ending Spears' prison term after less than a year would undermine the objectives of 18 U.S.C. § 3553(a). At this time, therefore, the Court is unable to grant her

compassionate release. Thus, Spears' motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

## I.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is compassionate release. The compassionate release statute allows the Court to reduce a defendant's sentence if it finds, after a defendant has exhausted her administrative remedies or 30 days after the warden receives a request for compassionate release, that "extraordinary and compelling reasons" warrant a reduction; that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and that the sentencing factors under 18 U.S.C. § 3553(a), to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A).

### A.

The First Step Act's exhaustion requirement is mandatory. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). The government does not dispute that Spears' multiple attempts to seek compassionate release from her warden satisfy this requirement. (ECF No. 477, PageID.2846.)

### B.

With respect to the next hurdle, Spears says her life-threatening experience at FMC Lexington and her current medical issues provide an extraordinary and compelling reason to immediately reduce her sentence. (ECF Nos. 469, 472.)[1]

---

[1] The government opposed Spears' motion for compassionate release (ECF No. 477) and no timely reply was filed.

2

Under the Sentencing Commission's amended policy statement, as relied on by Spears, the Court can find extraordinary and compelling circumstances where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13(b)(1)(B). It is difficult, however, for the Court to reach a reliable conclusion about Spears' ability for self-care at FMC Lexington based on her brief period of incarceration to date. Indeed, Spears filed the motion in January 2025, seven months into her sentence, and submitted her first request for compassionate release to the warden just under two months into her sentence. Her medical records are current through March 2025, but there is little in the medical records to suggest that Spears is unable to dress, clean, or feed herself; that she needs assistance with ambulation; or that she is incapable of taking her medications. (*See* ECF No. 478 (Sealed).)

With that said, there is no dispute Spears has serious medical issues requiring treatment. And extraordinary and compelling reasons also exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

At the time of her sentencing, Spears had been diagnosed with high blood pressure, diabetes, chronic bronchitis, migraines, and a cystic adrenal mass. (ECF No. 446, PageID.2602.) Her sentencing judge recommended that she "be designated

3

to a facility that can address [her] medical conditions." (ECF No. 449.) That turned out to be FMC Lexington. Spears reported to this BOP facility on June 3, 2024, and she began receiving care immediately. Indeed, within a few days she was seen by nurses and a doctor and prescribed medications. (ECF No. 478, PageID.3024–3056 (Sealed).) Also during those first few weeks, however, she began having difficulty breathing. Over several days, her condition worsened. (*Id.* at PageID.3013–3023.) On June 13, 2024, Spears was admitted to the University of Kentucky Hospital with acute respiratory failure complicated by asthma and pneumonia. (*Id.* at PageID.3285.) She was intubated for a few days but was removed from the ventilator on June 18 because she was "no longer considered critical." (*Id.* at PageID.3011; *see id.* at PageID.3004, 3285.) When her condition improved, Spears was released back to FMC Lexington on June 24, 2024. (*Id.* at PageID.3004, 3285–3292.) She has received consistent medical care since her return, including regular visits with medical staff at Health Services as well as exams by outside specialists in ophthalmology, pulmonology, nephrology, and cardiology. (*Id.* at PageID.2858–3011.)

There is little doubt that Spears' health scare took a toll on her and her family. Spears is upset about the way her treatment was handled prior to her hospitalization and believes it entitles her to compassionate release. As the government correctly points out, however, "a medical emergency like Spears's does not necessarily equate to inadequate medical care." (ECF No. 477, PageID.2850.) And the 500-plus pages of Spears' medical records reveal that the BOP is working to manage Spears' health issues. (*See* ECF No. 478.)

4

## C.

At this time, however, the Court does not need to reach a definitive conclusion as to whether "extraordinary and compelling reasons" warrant a reduction in Spears' sentence. Because even if they did, the § 3553(a) sentencing factors do not support such a reduction.

True, there are some facts that weigh in Spears' favor, like her family support and lack of significant criminal history. She is also a trained nurse with a history of employment as a caregiver. But these positives did not prevent her from becoming an active participant in a significant drug conspiracy. Her co-defendant, Bennie Campbell, obtained kilograms of cocaine in Arizona and, for years, had various couriers fly back to Detroit with the drugs in their checked luggage. (Presentence Investigation Report, ¶ 18.) Spears "was Campbell's main drug courier." (*Id.* ¶ 19.) She helped Campbell facilitate his drug operation by transporting significant amounts of cocaine, purchasing at least 15 kilograms directly from the source of supply, and maintaining a premises in Arizona where the couriers would stay while they waited to obtain the drugs and repackage them to transport to Detroit. (*Id.* ¶¶ 19, 20, 23.) At one point, one of Spears' bags was seized at the airport, but this did not deter her continued participation. (*Id.* ¶ 21–22.)

This level of trafficking a dangerous and addictive controlled substance causes danger to, and wreaks havoc on, families and communities. The operation involved numerous people, went on for years, and spanned several states. Thus, a sentence of about 10 months would not reflect the seriousness of the offense, promote respect for

5

the law, provide adequate general deterrence or punishment, or avoid unwarranted sentencing disparities—especially where Spears' already below-guidelines-range sentence accounted for many of the facts weighing in her favor, including her health conditions.

Thus, the Court agrees with the government that "[t]o release Spears already would seriously undermine the objectives of 18 U.S.C. § 3553(a). (ECF No. 477, PageID.2853.)

## II.

For these reasons, Spears' present motion for reduction of sentence is DENIED without prejudice to refiling at a later time should her condition deteriorate from a lack of adequate care.

IT IS SO ORDERED.

Dated: April 21, 2025

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE