UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KWANA SPEARS,

    Defendant.

Case No. 19-20500
Honorable Laurie J. Michelson

---

**ORDER ON DEFENDANT'S REQUEST FOR RECONSIDERATION OF
THE DENIAL OF COMPASSIONATE RELEASE [490, 491]**

---

Kwana Spears is currently serving a 60-month sentence at the Federal Medical Center Lexington following her guilty plea to drug distribution charges. A few weeks into her incarceration, Spears suffered a serious medical emergency. Several months later, she filed a motion for compassionate release on the ground that the Bureau of Prisons was incapable of adequately treating her medical conditions. (ECF No. 469.) After reviewing hundreds of pages of medical records pertaining to Spears' care and evaluating the sentencing factors under 18 U.S.C. § 3553(a), the Court denied the motion. (ECF No. 482.) The Court did not believe that Spears demonstrated an extraordinary and compelling reason for her immediate release from prison after serving less than a year and concluded that the relevant sentencing factors counseled against such an early release. (*Id.*)

Because of apparent delays in the prison mail, Spears was not able to file a timely reply brief before the Court entered its order. Spears has now submitted two

letters, one dated May 12, 2025, and the other June 1, 2024, explaining this situation and asking the Court to reconsider its denial of her request for compassionate release. (ECF Nos. 490, 491.) Spears indicates that her health has been declining and reiterates her contention that she is receiving inadequate medical care. (ECF No. 490, PageID.3416; ECF No. 491, PageID.3419.) She "respectfully ask[s] to be re-located to home confinement so [she] can take possession of [her] medical care to prolong [her] life and preserve [her] quality of life." (ECF No. 491, PageID.3419; *see* ECF No. 490, PageID.3416–3417.)

But Spears' request for reconsideration is procedurally and substantively deficient. Thus, the request is DENIED.

*Timeliness*: On April 21, 2025, the Court denied Spears' motion for compassionate release. (ECF No. 482.) A motion for compassionate release is "not a civil post-conviction action, but rather a continuation of a criminal case." *United States v. Brown*, 817 F.3d 486, 488 (6th Cir. 2016). And "[a] motion for reconsideration in a criminal case must be filed within the 14-day period for filing an appeal." *United States v. Gordon*, No. 23-3188, 2024 U.S. App. LEXIS 5227, at *4 (6th Cir. Mar. 4, 2024); *see also Brown*, 817 F.3d at 488. This is the same time frame set forth in this District's applicable local rules for reconsideration motions. *See* E.D. Mich. LCrR 12.1; E.D. Mich. LR 7.1(h). Thus, including the three extra days for service by mail, Spears' request for reconsideration was due on May 8, 2025. So both of her letters are untimely.

*Merits*: Even considering the arguments raised in Spears' letters, she has failed to convince the Court that reconsideration is warranted. Local Rule 7.1(h) provides that a motion for reconsideration may be granted where a party shows that (1) "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision," (2)"[a]n intervening change in controlling law warrants a different outcome," or (3) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. L.R. 7.1(h).

Spears does not identify any mistake or change in controlling law. She mainly reiterates the arguments in her initial motion that the Bureau of Prisons is incapable of managing her medical needs. But this does not warrant reconsideration. *See United States v. Bivins*, No. 10-20397, 2022 U.S. Dist. LEXIS 203394, at *5–6 (6th Cir. Nov. 8, 2022) (denying defendant's motion for reconsideration of compassionate release denial where the motion "simply raises again the arguments he made in his original motion for release"); *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Sch.*, 319 F. Supp. 3d 898, 902 (E.D. Mich. 2018) ("Old arguments re-presented will not justify reconsideration.").

She does, though, provide some sparse detail about her "progressively declining" health since her prior motion. (ECF No. 491, PageID.3419.) She advises that "since [she] ha[s] last had correspondence with the Courts, [she] ha[s] been diagnosed with stable angina with fluid on [her] heart." (*Id.*) She worries about going

3

into cardiac arrest, especially because, says Spears, "here at Atwood (FMC) Lexington satellite camp, there is no working EKG machine," nor "the properly trained medical staff to perform an EKG," and she "was told [she] would have to wait for the ambulance before anyone could attempt CPR or life saving measures." (*Id.* (cleaned up).) Spears also says she was recently prescribed a CPAP machine but was told she "would have to wait for at least one year" to get the proper mask and begin using the machine. (*Id.*)

Spears, however, does not provide any updated medical records. The Court has been given no specific information about her medical visits, treatments provided and ordered, medications prescribed, or directions for self-care. This alone precludes her request. *See, e.g.*, *United States v. Jackson*, No. 19-00098, 2023 U.S. Dist. LEXIS 58822, at *12–13 (S.D. Ohio Apr. 3, 2023) ("Regarding the first requirement under 18 U.S.C. § 3582(c)(1)(A)(i), the Court denies Jackson's Motion because he failed to provide medical records or other evidentiary support for his asserted medical ailments and family circumstances." (collecting cases)); *United States v. Gray*, No. 04-00580, 2019 U.S. Dist. LEXIS 161315, at *5 (N.D. Ohio Sept. 20, 2019) ("[C]ourts have denied requests for compassionate release on the grounds of medical conditions where the defendant, like Gray, has failed to provide medical records."). Clearly, the facility was able to diagnose Spears' new condition. And her speculation that she might be at future risk from the lack of an on-site EKG machine, or her recounting of poor treatment given to another inmate, do not warrant a different outcome on her request for compassionate release.

Even more significant, Spears does not address the Court's conclusion that ending her prison term so early would undermine the objectives of 18 U.S.C. § 3553(a). As explained in the Court's prior order, even if Spears showed "extraordinary and compelling reasons" warranting a sentence reduction, she must also show that the § 3553(a) factors support the reduction. (ECF No. 482, PageID.3401–3402); *see* 18 U.S.C. § 3582(c)(1)(A)(i) ("[T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction . . . ."). Without showing that the Court erred "based on the record and law before the court at the time of its prior decision," or that "[n]ew facts warrant a different outcome" under § 3553(a), compassionate release is not warranted. *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."); *United States v. Austin*, 825 F. App'x 324, 325–226 (6th Cir. 2020) (affirming denial of compassionate release motion where district court "concluded that, even if [defendant] . . . was eligible for compassionate release, the § 3553(a) factors weighed against a reduced sentence . . . and that, except for [defendant's] health condition, the 'factual predicates' for his sentence had not changed").

*New Motion*: It is true that the Court denied Spears' initial motion for compassionate release without prejudice to refiling at a later time should her condition deteriorate from a lack of adequate care. (ECF No. 482, PageID.3402.) If

Spears intended her recent letters as a new motion for compassionate release, they are premature. She has provided no information that she properly exhausted her administrative remedies by first bringing her request to the warden—a mandatory first step. *See United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). And, again, she fails to provide any medical records or other evidence to support her arguments.

*Conclusion*: For these reasons, Spears' request for reconsideration of the denial of her motion for reduction of sentence is DENIED.

IT IS SO ORDERED.

Dated: June 13, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE