UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KWANA SPEARS,

    Defendant.

Case No. 19-20500
Honorable Laurie J. Michelson

---

**CORRECTED ORDER DENYING DEFENDANT'S RENEWED
MOTION FOR COMPASSIONATE RELEASE [507, 525, 526]**

---

Kwana Spears is currently serving a 60-month sentence at Federal Medical Center Lexington following her guilty plea to drug distribution charges. A few weeks into her incarceration, Spears suffered a serious medical emergency as a result of acute respiratory distress syndrome. She was successfully treated at the University of Kentucky Hospital. Several months later, she filed a motion for compassionate release on the ground that the Bureau of Prisons was incapable of adequately treating her medical conditions. (ECF No. 469.) The government opposed that motion. (ECF No. 477.) After reviewing hundreds of pages of medical records pertaining to Spears' care and evaluating the sentencing factors under 18 U.S.C. § 3553(a), the Court denied the motion. (ECF No. 482.) The Court did not believe that Spears demonstrated an extraordinary and compelling reason for her immediate release from prison after serving less than a year and concluded that the relevant sentencing factors counseled against such an early release. (*Id.*)

Six months after the Court denied Spears' request for reconsideration of that ruling, Spears filed another motion for compassionate release. (ECF No. 507.) While the motion was pending, she supplemented it with additional factual detail. (ECF Nos. 525, 526.)

Spears again indicates that her health is deteriorating and contends that she requires specialized treatment on a more immediate basis than FMC Lexington can provide. (ECF No. 507, PageID.3594.) She requests "[c]ompassionate [r]elease to her immediate [sic] in Southfield, Michigan where she would be surrounded by her family and caregivers." (*Id.* at PageID.3588.) Spears is very likely not the only inmate at FMC Lexington that would prefer to be treated in their own home by their own physicians. But Spears has not established that the facility is unwilling or unable to provide her necessary care. Nor does her motion make any mention of the relevant sentencing factors under 18 U.S.C. § 3553(a).

Thus, the Court does not need a response from the government or a hearing. *See* E.D. Mich. LCrR 12.1; E.D. Mich. LR 7.1(f). For the following reasons, Spears' renewed motion for compassionate release is DENIED.

## I.

Spears' new motion for compassionate release consists primarily of a chronology of her medical issues since the filing of her initial motion. (ECF No. 507.) The motion, however, attaches only a very few hospital records (*id.* at PageID.3610–3611, 3623, 3625–3626), and no prison medical records. So the Court is unable to

verify several of Spears' claims. Where available, the Court does rely on the records

to expand upon the chronology:

December 19, 2024: Spears had an ophthalmology appointment at Shriner's hospital during which a loss of field vision and damage to the left optical nerve were detected.

May 29, 2025: Spears was evaluated at a local hospital and diagnosed with stable agina and fluid on the heart.

June 6, 2025: FMC Lexington warden sent a response to Spears' request for administrative review in which she complained about missing a cardiology appointment because no one was available to escort her. (ECF No. 507, PageID.3651). The warden explained that Spears did not miss any scheduled cardiology appointments in January and received a pulmonary function test and stress test on January 28, 2025. The warden explained: "you have been approved for several specialty consultations and are being seen by multiple medical staff regarding your health problems. Please report to all of your callouts and sick call is available to you if you have any further complaints." (*Id.* at PageID.3648.)

July 2025: Spears was diagnosed with sleep apnea and given a C-pap machine. When she advised the that mask was not functioning properly she was directed to bring in the old masks to exchange for replacement masks. (*Id.* at PageID.3635.)

August 15, 2025: Spears showed a decrease in some lung diffusing capacity.

September 2025: A hospital trip was cancelled because the facility neglected to honor the directive that Spears have "nothing by mouth" 12 hours prior to the visit.

October 1, 2025: Spears was taken to the University of Kentucky hospital due to heart-attack-like symptoms and diagnosed with low heart-rate. She had a follow up with Atwood Medical Camp staff on October 22, 2025, much later than Spears desired, and was recommended for a cardiology follow-up.

October 10, 2025: Spears had a pulmonary function test that showed some reduced lung capacity. (*Id.* at PageID.3623)

Week of October 10: Spears had an appointment with a neurologist and was referred for a dental visit due to teeth grinding. She was instructed to purchase a mouth guard.

October 22, 2025: Spears had a sick-call follow up and was told she needed a cardiology follow-up.

October 29, 2025: Spears says she was diagnosed with cervical radicular chronic syndrome. The University of Kentucky medical record from that date, however, indicates only that Spears had an MRI of the abdomen and was diagnosed with an adrenal gland cyst. And Spears had this cyst at the time of sentencing. (ECF No. 446, PageID.2602.) The record further indicated that nothing remarkable was found with respect to her liver, gallbladder, bile duct, spleen, pancreas, or kidneys. (ECF No. 507, PageID.3625.)

November 18, 2025: Spears fell during an appointment for a cardi-echo but says she was not treated for the fall.

November 25, 2025: During an appointment with an ophthalmologist, Spears was advised that the government shut-down would delay the delivery of her new eyeglasses.

December 4, 2025: Spears had an emergency appointment with dental staff after her right side canine broke and separated from the root. The root was surgically removed but Spears was put on a 3-year wait list for a new tooth.

(ECF No. 507, PageID.3587–3587.)

Spears then filed a supplement contending that the prison facility is eroding, unsafe, and unsanitary. (ECF No. 526.) She also attached print-outs listing the educational and life improvement courses she has taken to demonstrate her efforts at rehabilitation. (ECF No. 526, PageID.5536–5538.)

The Court must therefore evaluate whether these rehabilitation efforts and/or Spears' reported health issues warrant reducing her 60-month prison sentence to approximately 21 months.

4

## II.

"Compassionate release is an exception to the general rule that courts can't modify prison sentences after they're imposed." *United States v. Parks*, No. 24-5566, 2025 U.S. App. LEXIS 8525, at *3–4 (6th Cir. Apr. 9, 2025) (citing 18 U.S.C. § 3582(c)(1)(A)). The compassionate release provision of the First Step Act, 18 U.S.C. § 3582(c)(1)(A), permits the Court to reduce a defendant's sentence if (1) "extraordinary and compelling reasons" exist, (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "applicable" factors under 18 U.S.C. § 3553(a) favor release. *See United States v. Ruffin*, 978 F.3d 1000, 1004–05 (6th Cir. 2020).

## A.

At the outset, a defendant "must fully exhaust [her] administrative remedies . . . and [she] bears the burden of demonstrating that [she] has done so, even if proceeding pro se." *United States v. Brotherton*, No. 23-5591, 2024 U.S. App. LEXIS 268, at *3 (6th Cir. Jan. 4, 2024) (citations omitted). Indeed, the exhaustion requirement is mandatory. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Spears submitted a request for compassionate release to the warden on August 18, 2025, that was denied on October 14, 2025. (ECF No. 507, PageID.3591, 3605.) So the Court finds she has satisfied the exhaustion requirement.

## B.

With respect to the next hurdle, Spears says her deteriorating health issues following her life-threatening experience at FMC Lexington provide an extraordinary and compelling reason to immediately reduce her sentence. (ECF Nos. 507, 526.)

Under the Sentencing Commission's amended policy statement, as relied on by Spears, the Court can find extraordinary and compelling circumstances where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13(b)(1)(B). There is nothing in Spears' motion, however, that establishes she is unable to dress, clean, or feed herself; that she needs assistance with ambulation; or that she is incapable of taking her medications. Again, Spears provides no prison medical records where much of this information would likely be gleaned. This alone precludes her request. *See, e.g., United States v. Jackson*, No. 19-00098, 2023 U.S. Dist. LEXIS 58822, at *12–13 (S.D. Ohio Apr. 3, 2023) ("Regarding the first requirement under 18 U.S.C. § 3582(c)(1)(A)(i), the Court denies Jackson's Motion because he failed to provide medical records or other evidentiary support for his asserted medical ailments and family circumstances." (collecting cases)); *United States v. Gray*, No. 04-00580, 2019 U.S. Dist. LEXIS 161315, at *5 (N.D. Ohio Sept. 20, 2019) ("[C]ourts have denied requests for compassionate release on the grounds of medical conditions where the defendant, like Gray, has failed to provide medical records.").

But the Court nevertheless recognizes that Spears has serious medical issues requiring treatment. And extraordinary and compelling reasons exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized

medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

At the time of her sentencing, Spears had been diagnosed with high blood pressure, diabetes, chronic bronchitis, migraines, and a cystic adrenal mass. (ECF No. 446, PageID.2602.) Her sentencing judge recommended that she "be designated to a facility that can address [her] medical conditions." (ECF No. 449.) That turned out to be the Atwood satellite camp at FMC Lexington. The record presently before the Court, however, does not support Spears' claim that her needs have gone so unmet at this facility that that her life is at risk.

While Spears reports various delays in receiving medical care (ECF No. 507, PageID.3587), her chronology makes clear that she has, in fact, received needed treatment. (*See id.*) She is constantly reminded to request medical appointments as needed. She has been evaluated by and treated with several medical specialists. (*Id.*) She is sent to the hospital for treatment when warranted. (*Id.*) And she is provided medications and medical equipment. (*Id.*)

The quality of care Spears is receiving may fall short of her expectations. But that does not mean it is inadequate. Based on the record provided, the Court sees nothing extraordinary or compelling about Spears' medical care that would warrant her immediate release from prison. *See, e.g.*, *United States v. Williams*, 161 F.4th 951, 954 (6th Cir. 2025) (ruling that district court did not err in finding that prison facility was providing sufficient treatment for defendant's serious medical condition); *United States v. Perez*, No. 25-3240, 2025 U.S. App. LEXIS 33296, at *4 (6th Cir. Dec. 18,

2025) ("After Perez complained of heart issues, the Bureau provided him with medical consultations, access to cardiac catheterization, and blood-thinning medication. After Perez complained of abdominal issues, the Bureau monitored his condition and prescribed medication. It responded to his kidney discomfort and diabetes with similar approaches. The record, in short, belies the claim that necessary 'medical care . . . is not being provided.'"); *United States v. Monghan*, No. 25-3446, 2026 U.S. App. LEXIS 9758, at *5 (6th Cir. Apr. 3, 2026) ("[T]the district court did not abuse its discretion by determining that [defendant's serious health] conditions are being well-managed and treated in prison, as [defendant] presented no evidence to the contrary. And the mere prospect that his health could worsen as he ages in prison is insufficient to justify his release now.")

The cases Spears relies on do not alter this result. They are factually distinguishable in significant ways. In *United States v. Takiguchi*, No. 23-00050, 2026 U.S. Dist. LEXIS 2297, at *9 (D. Haw. Jan. 7, 2026), the defendant was diagnosed with a rare form of cancer. He had served approximately 28 months of his 46-month sentence, or more than 50% of his sentence. *Id.* at *9. His prison facility was closing, and it was unclear when he would be transferred and able to reschedule his medical appointments. Thus, the court found he was suffering a condition for which he was not receiving adequate care. *Id.* at *12.

In *United States v. Sterling*, the court recognized that defendant's need for knee surgery to repair an ACL "would not ordinarily present an extraordinary and compelling reason to reduce the sentence to time served." No. 22-47, 2026 U.S. Dist.

8

LEXIS 2640, at *7 (D. Conn. Jan. 5, 2026). Yet the court granted the request because the defendant had already served just over 46 months of his 60-month sentence, was already in a half-way house, and needed the surgery to be able to work during a time he was transitioning back to society. *Id.*

Without a health-based reason for compassionate release, that leaves rehabilitation. Notably, Spears' health issues are not preventing her from participating in educational and life-skills programming. This is commendable conduct and will aid in her transition back into society. However, "Congress has instructed that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' for compassionate release." *United States v. West*, 70 F.4th 341, 348 (6th Cir. 2023) (alteration in original) (citing 28 U.S.C. § 994(t)). And while commendable, "good conduct and rehabilitation in prison are 'expected from all inmates.'" *United States v. Johnson*, No. 11-20767, 2025 U.S. Dist. LEXIS 138835, at *9 (E.D. Mich. July 21, 2025) (collecting cases). So this level of rehabilitation does not rise to the level of extraordinary and compelling. *See United States v. Smith*, 614 F. Supp. 3d 538, 545 (E.D. Mich. 2022) (denying compassionate release in part because, while "Defendant has taken advantage of the BOP's correctional programs while incarcerated . . . [and] is commended for his efforts . . . there is no indication . . . that Defendant's rehabilitation has been unusually extensive or compelling").

In sum, Spears lacks an extraordinary and compelling circumstance warranting a sentence reduction.

**C.**

Equally problematic, Spears does not address the objectives of 18 U.S.C. § 3553(a). As explained in the Court's prior order on Spears' initial motion for compassionate release, even if Spears showed "extraordinary and compelling reasons" warranting a sentence reduction, she must also show that the § 3553(a) factors support a reduction. (ECF No. 482, PageID.3401–3402); *see* 18 U.S.C. § 3582(c)(1)(A)(i) ("[T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction . . . ."); *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."); *United States v. Austin*, 825 F. App'x 324, 325–226 (6th Cir. 2020) (affirming denial of compassionate release motion where district court "concluded that, even if [defendant] . . . was eligible for compassionate release, the § 3553(a) factors weighed against a reduced sentence . . . and that, except for [defendant's] health condition, the 'factual predicates' for his sentence had not changed").

And on the other side of Spears' promising rehabilitative programming, strong family support, and training as a nurse, is the seriousness of her underlying offense. Spears was an active participant in a significant drug conspiracy. Her co-defendant, Bennie Campbell, obtained kilograms of cocaine in Arizona and, for years, had various couriers fly back to Detroit with the drugs in their checked luggage.

(Presentence Investigation Report, ¶ 18.) Spears "was Campbell's main drug courier." (*Id.* ¶ 19.) She helped Campbell facilitate his drug operation by transporting significant amounts of cocaine, purchasing at least 15 kilograms directly from the source of supply, and maintaining a premises in Arizona where the couriers would stay while they waited to obtain the drugs and repackage them to transport to Detroit. (*Id.* ¶¶ 19, 20, 23.) At one point, one of Spears' bags was seized at the airport, but this did not deter her continued participation. (*Id.* ¶ 21–22.)

Put simply, Spears played a meaningful role in a major drug trafficking operation that caused danger to, and wreaked havoc on, families and communities. Thus, a sentence of about 21 months would not reflect the seriousness of the offense, promote respect for the law, provide adequate general deterrence or punishment, or avoid unwarranted sentencing disparities—especially where Spears' sentence accounted for many of the facts weighing in her favor, including her health conditions.

In sum, to release Spears now would undermine the objectives of 18 U.S.C. § 3553(a).

### III.

Thus, Spears' motion for compassionate release (ECF No. 507) is DENIED.

IT IS SO ORDERED.

Dated: April 7, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

11